**YING LIN, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 05–1004–ag.

United States Court of Appeals, Second Circuit.

June 19, 2006.

Jan Potemkin, New York, New York, for Petitioner.

PRESENT: Hon. JAMES L. OAKES, Hon. JON O. NEWMAN, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Ying Lin (A 77 353 743), through counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Annette L. Elstein's denial of her applications for asylum, withholding of removal and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA summarily affirms the IJ's decision without opinion, we review the IJ's decision. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). In doing so, we review the IJ's conclusions of law *de novo,* including "what evidence will suffice to carry any asylum applicant's burden of proof," *Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005) (citation omitted), and its factual findings under the substantial evidence standard, treating these findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C.

§ 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Upon reviewing the record, we agree with the IJ's determination that Lin has not demonstrated that she suffered past persecution, as she was never arrested, detained, or even questioned in connection with the authorities' alleged suspicions that she was a Falun Gong practitioner. We also agree that Lin has not demonstrated that her subjective fear of future persecution is well-founded. Lin's own testimony indicated that the police have not come looking for her since June 2001, and none of the letters written by her various family members in China suggest that the authorities maintain an active interest in her. Having failed to meet the standard for asylum, Lin necessarily is unable to make the greater showings necessary to obtain withholding of removal, *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004), or relief under the CAT on the basis that she is more likely than not to be tortured if she is returned to China.

Finally, we see no merit in Lin's contention that the streamlining of her petition resulted in a denial of due process. We have held that the BIA's streamlining procedure is generally consistent with due process, provided that the agency record presents reasoned bases for its decision in a manner amenable to judicial review. *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 157–58 (2d Cir.2004). Where, as here, the IJ's decision states the grounds for denial with sufficient clarity, due process does not demand that the BIA explain in detail its reasons for adopting the IJ's conclusions. *See id.* at 159 ("Under applicable laws and regulations . . . an applicant for asylum or withholding of removal remains entitled to a full hearing on [her]

asylum claims, a reasoned opinion from the IJ, the opportunity for BIA review, and the right to seek relief from the courts.").

Accordingly, Lin's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(e)(2), Second Circuit Local Rule 34(d)(1).